UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN STEWART, | No. 2:24-cv-3199 DJC AC P |
| Petitioner, | |
| v. | ORDER |
| BORLA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in this habeas corpus action. Respondent has moved to dismiss the petition as untimely. ECF No. 11. Petitioner filed an opposition, ECF No. 17, and respondent has replied, ECF No. 18. Having reviewed the briefs, the court has determined that an evidentiary hearing is appropriate to develop the factual record related to statutory and equitable tolling. Accordingly, counsel will be appointed to represent petitioner for the limited purposes of litigating the motion to dismiss. See Rule 8(c), Rules Governing Section 2254 Casses; 18 U.S.C. § 3006A.

I.     Overview

Federal habeas actions are subject to a one-year statute of limitations which generally runs from the date a conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In this case, that date appears to be May 30, 2023, when the period to seek certiorari in the U.S. Supreme Court expired after the California Supreme Court denied review of petitioner's conviction. Accordingly, the

1

federal limitations period began to run on May 31, 2023, and—absent tolling—the federal petition was due on or before May 30, 2024.

The statute of limitations is subject to statutory tolling during the time that a "properly filed" application for state post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed a habeas petition in the superior court on September 4, 2023, which was denied twelve days later. ECF Nos. 10-5, 10-6. The limitations period was statutorily tolled during that time.

Petitioner's next filing in state court came 209 days after the superior court's adverse ruling. ECF No. 10-7 (petition filed in California Court of Appeal on April 12, 2024). That petition stated specific reasons for its delayed submission. Id. at 6. The petition was denied on the merits, without comment or citation, on May 24, 2024. ECF No. 10-8. Respondent contends that this petition was untimely as a matter of California law, thus not "properly filed" as a matter of federal law, and that petitioner is therefore not entitled to statutory tolling for any period of time following the superior court's denial of relief.[1] ECF No. 11. If respondent is correct, the federal petition would be untimely.

Petitioner contends that he is entitled to equitable tolling of the statute of limitations based on circumstances beyond his control including abandonment by post-conviction counsel, the need to investigate and locate videotape evidence, and a prison lockdown. ECF No. 17. Petitioner also argues that he was diligent in investigating and preparing the petition he submitted to the California Court of Appeal. Id.; see Pace v. Diguglielmo, 544 U.S. 408, 418 (2005) (court may equitably toll statute of limitations if petitioner demonstrates (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way and prevented timely filing).

////

////

---

[1] Petitioner also filed a petition for relief in the California Supreme Court on May 29, 2024, which was denied on October 30, 2024. ECF Nos. 10-9, 10-10. If the petition in the intermediate appellate court was untimely and had no tolling effect, the same is necessarily true of this petition.

2

II.     Issues Requiring Further Factual Development

    A. Statutory Tolling

If petitioner's April 2024 petition was filed without "unreasonable delay" as a matter of state law, then he is entitled to statutory tolling not only for the period of its pendency but also during the "gap" between proceedings in the superior court and the appellate court. See Carey v. Saffold, 536 U.S. 214, 221-23 (2002); Evans v. Chavis, 546 U.S. 189 (2006). Such tolling would render the federal petition timely.

Because the California Court of Appeal did not deny the April 2024 petition as untimely, this court must independently determine whether it was timely filed. Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).[2] Under California law, a habeas petition is timely if filed without "substantial delay." Robinson v. Lewis, 9 Cal. 5th 883, 898 (2020); see also In re Robbins, 18 Cal. 4th 770 (1998). Gaps of 120 days or less between the denial of relief in one court and filing in the next "would never be considered substantial delay" by a state habeas court, and gaps beyond that are not automatically deemed substantial. Robinson, 9 Cal. 5th at 902. Rather, the length of a gap longer than 120 days is simply a relevant factor for the court to consider. Id. Without substantial delay means "as promptly as the circumstances allow." Id. at 898 n.7. Delay is measured from the time petitioner knew, or reasonably should have known, of the information offered in support of the claims and their legal bases. Robbins, 18 Cal. 4th at 780. A substantially delayed claim may nonetheless be considered on the merits if petitioner establishes good cause for the delay. Robinson, 9 Cal. 5th at 898.

The questions whether the April 2024 petition was filed "as promptly as the circumstances allowed" and whether any substantial delay was excusable for good cause are both highly fact-intensive. Having reviewed the parties' submissions, the court requires additional factual development on these issues.

////

////

---

[2] While a state court ruling of untimeliness is binding on this court, a summary denial does not establish timeliness. See Robinson v. Lewis, 9 Cal. 5th 883, 892 (2020).

      B. Equitable Tolling

Petitioner alleges that between September 16, 2023, and April 11, 2024, he acted with diligence but faced extraordinary circumstances including obstacles in typing his petition, abandonment by counsel, his lack of legal knowledge, the need to investigate and locate crucial videotape evidence, and a prison lockdown.  ECF No. 18 at 3; see Pace v. Diguglielmo, 544 U.S. 408, 418 (2005) (court may equitably toll statute of limitations where petitioner demonstrates that (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing).  The lack of legal knowledge is a circumstance common to most prisoners and hence not extraordinary, and obstacles to typing cannot have prevented filing of the petition because a hand-written petition could have been submitted.  However, under some circumstances the conduct of counsel and prison limitations including lockdowns can support equitable tolling.  See, e.g., Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (abandonment by counsel); Sossa v. Diaz, 729 F.3d 1225, 1236 (9th Cir. 2013) (circumstances including prison lockdown and lack of access to law library and related resources).  Having reviewed the pro se petitioner's submissions, the court concludes that appointment of counsel is appropriate in order to develop the factual bases for his equitable tolling theory.

III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner for the limited purpose of an evidentiary hearing and any related briefing on the issues of statutory and equitable tolling presented by respondent's pending motion to dismiss (ECF No. 11) and petitioner's opposition thereto (ECF No. 17).

2. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

3. A status conference is set for October 1, 2026, at 10:00 a.m. in Courtroom 26.

////

////

////

4. All parties shall appear at the status conference by counsel.

DATED: August 14, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE